(C. D. 250)

A. HIRSCH & CO., INC. *v.* UNITED STATES

United States Customs Court,. Third Division

(Decided November 16, 1939)

*Puckhafer, Rode & Rode* (*George J. Puckhafer* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before CLINE, EVANS and KEEFE, Judges; KEEFE, J., not participating

CLINE, Judge: In this suit against the United States, the plaintiff claims that the collector of customs at the port of New York erred in assessing duty at the rate of 10 per centum ad valorem under the pro-

visions of section 304 (b) of the Tariff Act of 1930 on the ground that the merchandise was not legally marked at the time of importation.

At the trial the case was submitted on the record without the intro-duction of evidence other than that shown by the official papers.   The report of the collector reads in part as follows:

The 25 bales officially reported as not marked in a conspicuous place as required by law, were in consequence assessed with marking duty amounting to 10 percent under section 304 of the Tariff Act of 1930.

Note appraiser's report (attached to invoice) in answer to collector's query as to the marking condition of the mdse. in question.

The report of the appraiser referred to reads as follows:

Ten of the 35 bales of sheep skins on entry 338352 were properly marked "Egypt."   The remaining 25 bales when landed did not bear any marking on the outside to indicate country of origin, hence were reported by this office as not legally marked.

The importer later called the inspector's attention to the fact that the letters TPYGE could be faintly discerned through the covering, and under the super-vision of the inspector the covering of such bales was removed and reversed, thus showing the word Egypt.

It appears, therefore, that the bales were not marked on the outside when the goods arrived but were stenciled on the inside.   The mark-ing was not visible until the cover was removed.   There is nothing in the record to show that the skins were marked to show the country of origin.

In the case of *Closset & Devers* v. *United States*, Abstract 37655, the importation consisted of Java tea packed in cases.   It was found when the cases were opened that the word "Java" was stamped on the inside of the cases but the outside of the cases bore no marking showing the country of origin.   The court found that the marking on the inside of the cases was insufficient to comply with the provi-sions of section 304.   On the authority of the decision cited the protest in this case is overruled.   Judgment will be entered in favor of the defendant.